**Jeffrey M. Edelson, OSB #880407**
JeffEdelson@MarkowitzHerbold.com
**Steffan Alexander, OSB #130258**
SteffanAlexander@MarkowitzHerbold.com
MARKOWITZ HERBOLD PC
1211 SW Fifth Avenue, Suite 3000
Portland, OR  97204-3730
Tel:  (503) 295-3085
Fax: (503) 323-9105

   Of Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **DAVID FRASHER**, an individual citizen and resident of the state of Arkansas,<br><br>               Plaintiff,<br><br>v.<br><br>**THE CITY OF OREGON CITY**, an Oregon municipal corporation,<br><br>               Defendant. | Case No. 3:17-cv-00566<br><br>**COMPLAINT**<br><br>**Demand for Jury Trial** |

Plaintiff David Frasher ("Frasher") alleges as follows:

### INTRODUCTION

1.

Frasher brings this lawsuit because the City of Oregon City (the "City") refused to honor the terms of its employment agreement with him by failing to pay statutory termination pay and other compensation.

Page 1 -   COMPLAINT

## JURISDICTION AND VENUE

2.

This Court has jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) as plaintiff is a citizen of Arkansas, defendant is a citizen of Oregon, and the amount in controversy herein is greater than $75,000.

3.

Venue is proper in this district and division pursuant to 28 U.S.C. § 1391(b) and LR 3-2(a), as defendant is a citizen of Oregon, and a substantial part of the events giving rise to this action occurred in Clackamas County, Oregon.

## GENERAL ALLEGATIONS

**I.      Parties.**

4.

Frasher is an individual who has resided in Garland County, Arkansas since March 2016. Prior to that time, Frasher resided in Clackamas County, Oregon.

5.

The City is a municipal corporation located in Clackamas County, Oregon.

**II.     The City and Frasher executed a binding employment agreement.**

6.

In 2010, the City hired Frasher as its City Manager. Frasher's initial employment contract expired on its terms in April 2013.

7.

In or around April 2013, the City, by and through the City Commission of Oregon City, entered a new employment agreement with Frasher. A copy of the employment agreement

Between the City of Oregon City and David Frasher For the Position of City Manager (the "Employment Agreement") is attached hereto as Exhibit 1 and incorporated by this reference.

8.

The City entered the Employment Agreement to, among other reasons, (1) secure and retain Frasher's services as City Manager, (2) provide inducement for him to remain employed as City Manager, (3) assure his future security, and (4) provide a just means for terminating his employment.

9.

When the City entered the Employment Agreement, the City recognized that it had major generational and long-term projects that would require consistent long-term administrative leadership and service, and securing Frasher's long-term employment would benefit the City by providing stability for those projects.

10.

Pursuant to the Employment Agreement, Frasher's employment term was to last five years.

11.

The City agreed to pay Frasher's travel and expenses for professional development events, and necessary official functions including, among other things, the ICMA Annual Conference.

12.

The City also agreed to pay Frasher severance payment and other related termination compensation and contributions if his employment is terminated because (1) the majority of the governing body voted to terminate him or the Employment Agreement at a duly authorized

public meeting, (2) the City reduced his salary, compensation or any other benefit, or (3) he accepted the City's offer to resign, whether formal or informal.

13.

Frasher was an at-will employee, subject only to ninety days' notice of termination.

14.

In or around April 2013, the City Commission discussed the Employment Agreement in two separate executive session.

15.

During the May 1, 2013 public session, the City Commission voted and approved the Employment Agreement that increased Frasher's salary, severance package, and term. In that public session, the City Attorney specifically endorsed the legality of the contract on the record.

16.

The Mayor, City Attorney, and City Recorder signed the Employment Agreement on behalf of the City.

17.

The City and Frasher commenced performance of the Employment Agreement.

**III.    Frasher fully performed his obligations under the employment agreement.**

18.

Frasher provided the City, four different City Commissions, and three different Mayors with exemplary employment services for almost six years.

19.

Frasher was instrumental to the success of major generational projects for the City including, but not limited to the (1) Willamette Falls Legacy Project, (2) Carnegie Library expansion, (3) acquisition and funding for a new City Hall, the Police Department, and a

Page 4 -   COMPLAINT

Municipal Court campus, (4) Cove Development, (5) Jughandle transportation project, (6) Downtown Revitalization, (7) several Urban Renewal projects, (8) Ermatinger House restoration, and (9) the End of the Oregon Trail Interpretive Center.

20.

Under Frasher's leadership, the City obtained a General Obligation Bond rating of AA, the highest in its history.  The City also received awards for excellence in financial reporting, grants for economic development, and completed numerous public works projects.

21.

The foregoing accomplishments provide the City ongoing financial benefit for the foreseeable future.

22.

In fact, Frasher consistently received excellent annual performance evaluations over the course of his employment for the City.

**IV.    The City affirmed the employment agreement.**

23.

On or about March 2015, at the Mayor's request, Frasher provided the Mayor a copy of the Employment Agreement for review.

24.

In or around March/April 2015, the City met with Frasher in executive session to discuss the Employment Agreement.  During that executive session, the City reaffirmed the Employment Agreement, and declined to make any changes, except to award Frasher with a merit raise for his outstanding performance.

Page 5 -   COMPLAINT

25.

In the subsequent March/April 2015 public session, the City voted and approved Frasher's merit raise.

26.

For years, the City accepted the benefits of Frasher's employment services provided under the Employment Agreement.

27.

Indeed, in July 2015, the Mayor presented Frasher with a five-year service award signed by all of the City Commissioners.

**V.    The City terminated Frasher in violation of his employment agreement.**

28.

On October 13, 2015, the City commission voted to involuntarily terminate Frasher from his employment as city manager, effective October 16, 2015.

29.

In violation of the Employment Agreement, the City did not provide Frasher ninety or more days' notice of his termination.

30.

Upon termination, the City did not pay Frasher due termination pay, including wages, expenses, benefits, contributions, retention incentive, and severance to which he was entitled under the Employment Agreement and Oregon law.

31.

Frasher was fully ready, willing and able to perform his duties and obligations as City Manager

Page 6 -   COMPLAINT

## FIRST CLAIM FOR RELIEF

### (Violation of Oregon Wage Statutes (ORS § 652.140(1)))

32.

Frasher realleges and incorporates all previous paragraphs as if fully stated herein.

33.

The City entered an Employment Agreement with Frasher, effective on or about April 7, 2013.

34.

The City promised to pay Frasher wages, expenses, benefits, contributions, retention incentive, severance, and other compensation established by the Employment Agreement.

35.

Frasher substantially performed or was excused from performing any obligations that he may have had under the Employment Agreement.

36.

Frasher was not convicted of any crime.

37.

Upon termination of Frasher's employment, the City was obligated to timely pay Frasher termination pay required by the Employment Agreement and under ORS 652.140(1), in the approximate amount of $400,000.00.

38.

Despite demand therefor, the City failed to pay Frasher his full earned termination pay, including accrued wages, expenses, benefits, contributions, retention incentive, and severance, and other compensation due to him under the Employment Agreement in the approximate amount of $400,000.00.

39.

The City's failure to pay Frasher his full termination pay violated ORS § 652.140(1).

40.

Frasher is entitled to damages for unpaid termination pay, along with penalty wages pursuant to ORS § 652.150, and other economic loss due to the deprivation of deferred tax treatment of income. The approximate amount of recoverable damages is more than $433,000, plus prejudgment interest thereon.

41.

Frasher is also entitled to recover his reasonable attorney fees from the City under ORS § 652.200(2).

## SECOND CLAIM FOR RELIEF

### (Breach of Contract)

42.

Frasher realleges and incorporates all previous paragraphs as if fully stated herein.

43.

To the extent any amounts owing under the Employment Agreement do not technically constitute statutory termination pay, the City is liable to Frasher for such unpaid amounts, plus prejudgment interest thereon, on the ground of breach of contract.

## DEMAND FOR JURY TRIAL

44.

Frasher demands a jury trial.

## PRAYER FOR RELIEF

WHEREFORE, Frasher respectfully prays for relief as follows:

A.    On his First Claim for Relief, an award of termination pay, penalty wages, and other lost economic benefits, in an amount to be determined at trial, in the approximate amount of $433,000.00;

B.    On his Second Claim for Relief, an award of damages for any other amounts owing to Frasher under the Employment Agreement that do not constitute statutory penalty wages;

C.    For an award of reasonable attorney fees, expenses, costs, and disbursements;

D.    For an award of prejudgment interest as allowed by law; and

E.    For such other relief as the Court deems just and proper.

DATED this 11th day of April, 2017.

MARKOWITZ HERBOLD PC

By:  *s/ Jeffrey M. Edelson*
      Jeffrey M. Edelson, OSB #880407
      Steffan Alexander, OSB #130258
      (503) 295-3085
      Of Attorneys for Plaintiff David Frasher

FRAS\609264

# Employment Agreement Between

## The City of Oregon City and David W. Frasher

## For the Position of City Manager

THIS AGREEMENT, shall be effective April 7, 2013, by and between the City Commission of Oregon City of a municipal corporation, hereinafter called "Employer," as party of the first part, and David W. Frasher, hereinafter called "Employee," as party of the second part, an individual who has the education, training and experience in local government management and who, as a member of ICMA, is subject to the ICMA Code of Ethics, both of whom understand as follows:

WITNESSETH:

WHEREAS, Employer desires to employ the services of Employee as City Manager of the City of Oregon City as provided by and subject to the limitations of the Oregon City Charter of 1982, as amended, and specifically Chapter V, Section 21 thereof, and other applicable law; and

WHEREAS, it is the desire of the Governing Board, hereinafter called "Commission," to provide certain benefits, establish certain conditions of employment and to set working conditions of said Employee; and

WHEREAS, it is the desire of the Employer to (1) secure and retain the services of Employee and to provide inducement for him to remain in such employment, (2) to make possible full work productivity by assuring Employee's morale and peace of mind with respect to future security, and (3) to provide a just means for terminating Employee's services at such time as he may be unable fully to discharge his duties or when Employer may otherwise desire to terminate his employment; and

WHEREAS, Employee desires to accept employment as City Manager of said City;

NOW, THEREFORE, in consideration of the mutual covenants herein contained, the parties agree as follows:

**Section 1. Duties**

Employer hereby agrees to employ Employee as City Manager of said Employer to perform the functions and duties specified in Chapter V, Section 21 of the Oregon City Charter and to perform other legally permissible and proper duties and functions as the Employer shall from time to time assign.

### Section 2. Term

The term of this agreement shall be for an initial period of five (5) years. Thereafter, this agreement shall remain in effect until terminated by the Employer or Employee as provided in Section 8 of this agreement.

### Section 3. Compensation

Employer and Employee agree that Employee shall continue serving the City at his current monthly salary of $13,650. Employee shall receive any cost of living or other salary adjustments and benefits generally provided to Department Directors and to the next highest compensated employee of the City, including being eligible for annual merit pay based upon performance.

### Section 4. Vacation, Sick, and Other Leave

Employee shall accrue sick, vacation, and other leave at no less than the highest annual accrual rate provided to any other employee. Employee may cash out seven days of vacation each calendar year so long as Employee has taken at least one week of vacation during that year.

### Section 5. Retirement

The Employer agrees to maintain Employee's enrollment in the Oregon Public Employees Retirement System (PERS) and to make all the appropriate contributions on the Employee's behalf, for both the Employer and Employee share required. In addition to the Employer's payment to the Oregon PERS, Employer agrees to contribute, each pay period, an amount equal to 3.5% (with a 3.5% match required by Employee) of Employee's annual salary into a Section 457 deferred compensation or Section 401 supplementary retirement plan selected by Employee.

### Section 6. Retention Incentive

Recognizing that Oregon City is advancing major generational, long-term projects that require consistent long-term administrative leadership and service, and that the City will benefit from the stability provided through a long-term relationship, the Employer shall provide Employee the following retention incentive. Upon cessation of service or conclusion of this agreement, Employee shall receive a pro-rated payment equal to 75% of the monthly compensation and benefits, at the time, for each full year of service to the City.

### Section 7. General Business Expenses

A.  The Employer agrees to provide for professional dues and subscriptions of the Employee necessary for continuation and full participation in national, regional, state, and local associations, and organizations necessary and

desirable for the Employee's continued professional participation, growth, and advancement, and for the good of the Employer.

B.  The Employer agrees to provide for reasonable travel and subsistence expenses of Employee for professional and official travel, meetings, seminars, institutes and occasions to adequately continue the professional development of Employee and to pursue necessary official functions for Employer, including but not limited to the ICMA Annual Conference, the state league of municipalities, and such other national, regional, state, and local governmental groups and committees in which Employee serves as a member.

C.  The Employer recognizes that certain reasonable expenses of a non-personal but job related nature may be incurred by Employee, and agrees to reimburse or to pay said general expenses. The Finance Director is authorized to disburse such moneys upon receipt of duly executed expense or petty cash vouchers, receipts, statements or personal affidavits.

D.  The Employer acknowledges the value of having Employee participate and be directly involved in local civic clubs or organizations. Accordingly, Employer shall pay for the reasonable membership fees and/or dues to enable the Employee to become an active member in local civic clubs or organizations.

E.  The Employer shall provide Employee with a mobile computer, and shall reimburse employee the full cost of one (1) smart phone and for the full cost of one monthly individual smart phone/internet service account for the Employee to perform the job and to maintain communication.

**Section 8. Termination**

Either Employer or Employee may terminate this agreement by written notice. Employer must provide Employee ninety (90) days notice of its intent to terminate this agreement. Employee must provide Employer thirty (30) days notice of his intent to terminate this agreement. For the purpose of this agreement, termination shall occur when:

A.  The majority of the governing body votes to terminate the Employee or this agreement at a duly authorized public meeting.

B.  If there is a change in the law pertaining to the role, powers, duties, authority, or responsibilities of the Employee's position that substantially changes the form of government, the Employee shall have the right to declare that such constitutes termination.

C.  If the Employer reduces the salary, compensation or any other benefit of the Employee.

D. If the Employee resigns following an offer to accept resignation, whether formal or informal, by the Employer as representative of the majority of the governing body.

E. Upon written notification of a breach of contract declared by either party, with a failure to cure the breach within 30 days.

### Section 9. Severance

Severance shall be paid to the Employee when employment is terminated as defined in Section 8, unless the termination is due to the Employee's conviction of a felony or class A misdemeanor. If the Employee is terminated, the Employer shall provide a minimum severance payment equal to nine (9) months salary and benefits at the rate of pay and benefits in effect at that time. This severance shall be paid in a lump sum unless otherwise agreed by the Employer and the Employee. The Employee shall also be compensated for all accrued sick leave, vacation, holidays, or other leave. The Employer agrees to make a contribution to PERS and to the Employee's supplemental retirement account on the value of this compensation calculated using the rate ordinarily contributed on regular compensation. Severance shall not be due if Employee becomes disabled or otherwise unable to perform his duties as City Manager.

### Section 10. Performance Evaluation

Employer shall annually review the performance of the Employee subject to a process, form, criteria, and format for the evaluation which shall be mutually agreed upon by the Employer and Employee. The process at a minimum shall include the opportunity for both parties to: (1) prepare a written evaluation, (2) meet and discuss the evaluation, and (3) present a written summary of the evaluation results. The final written evaluation should be completed and delivered to the Employee within 30 days of the evaluation meeting. Employee shall be annually considered for merit pay for performance in the same manner as other management employees of the City.

### Section 11. Hours of Work

It is recognized that the Employee must devote a great deal of time outside the normal office hours on business for the Employer, and to that end Employee shall be allowed to establish an appropriate work schedule.

### Section 12. Outside Activities

The employment provided for by this Agreement shall be the Employee's sole employment. Recognizing that certain outside consulting or teaching opportunities provide indirect benefits to the Employer and the community, the Employee may elect to accept limited teaching, consulting or other business opportunities with the understanding that such arrangements shall not constitute

interference with nor a conflict of interest with his responsibilities under this Agreement.

### Section 13. Indemnification

In addition to that required under state and local law, Employer shall defend, save harmless and indemnify Employee against any tort, professional liability claim or demand or other legal action, whether groundless or otherwise, arising out of an alleged act or omission occurring in the performance of Employee's duties as City Manager to the maximum amount permitted by law. Employer will compromise and settle any such claim or suit and pay the amount of any settlement or judgment rendered thereon to the extent permitted by law. Employee will not have final authority as to the disposition of any such claim.

### Section 14. Bonding

As required by Section 21(a) of the Oregon City Charter, Employer shall provide a bond in the amount of $250,000. Employer shall bear the full cost of the bond required of the Employee.

### Section 15. Notices

Notices pursuant to this agreement shall be given by deposit in the custody of the United States Postal Service, postage prepaid, addressed as follows:

(1) EMPLOYER: City of Oregon City
Attention: Nancy Ide, City Recorder
City of Oregon City – City Hall
625 Center Street
Oregon City, OR 97045

WITH COPY TO: William Kabeiseman, City Attorney

(2) EMPLOYEE: David W. Frasher,
10365 SE Quail Ridge Drive,
Happy Valley, Oregon, 97086

Alternatively, notices required pursuant to this agreement may be personally served in the same manner as is applicable to civil judicial practice. Notice shall be deemed given as of the date of personal service or as of the date of deposit of such written notice in the course of transmission in the United States Postal Service.

### Section 16. General Provisions

A. The text herein shall constitute the entire agreement between the parties.

B. This agreement shall be binding upon and inure to the benefit of the heirs at law and executors of Employee.

C. This agreement shall become effective commencing on ~~or about~~ ~~May 1, 2013~~ *NJ 5/3/12*  *UcL 5/3/13*    April 7, 2013. D.7. CAR

D. If any provision, or any portion thereof, contained in this agreement is held unconstitutional, invalid or unenforceable, the remainder of this agreement, or portion thereof, shall be deemed severable, shall not be affected and shall remain in full force and effect.

IN WITNESS WHEREOF, the City of Oregon City has caused this agreement to be signed and executed in its behalf by its Mayor, and duly attested by its City Recorder, and the Employee has signed and executed this agreement, both in duplicate, the day and year first above written.

ATTEST:

*/s/ Nancy Ide/*
Nancy Ide, City Recorder

CITY OF OREGON CITY

*/s/ Doug Neeley/*
Doug Neeley
Mayor of Oregon City

APPROVED AS TO LEGAL SUFFICIENCY:

By: *[signature]*
Attorney for the City

EMPLOYEE

*/s/ David W. Frasher/*
David W. Frasher